Sweeney, Constance M., J.
Hanover Insurance Company (Hanover) moves for summary judgment pursuant to Mass.R.Civ.P. 56(b) on plaintiff, Carly Kelliher’s (Kelliher) complaint and Hanover’s counterclaim for declaratory judgment regarding insurance coverage for bodily injury caused by an underinsured auto. Kelliher filed claims for breach of contract, violations of G.L.c. 93A and G.L.c. 176D, and a demand for arbitration. Following two hearings, the defendant’s motion for summary judgment is allowed.

FACTS

This case involves a claim for underinsured motorist (UIM) benefits resulting from a three-car accident. On October 12, 2002, Kelliher was injured in an auto accident in which she was one of four passengers in a vehicle owned by Thomas Lane and operated by his daughter, Andrea Lane. The operators of the other two vehicles were at fault, and both vehicles carried bodily injury coverage of $20,000 per person/$40,000 per accident. The Lane vehicle was insured by Hanover (the Lane policy) and carried UIM coverage in the amount of $250,000 per person/$500,000 per accident. On the date of the accident, Kelliher was a member of the household of her mother, Nancy Kelliher. Mrs. Kelliher held an auto insurance policy with Hanover (the Kelliher policy) which provided uninsured motorist coverage. Optional UIM coverage of $20,000 per person/$40,000 per accident was indicated on the Kelliher policy’s coverage selections page by the notation, “INCL,” printed in the space reserved for the annual premium. Kelliher was not named on the Kelliher policy, but was named as an operator on the coverage selections page.
All occupants of the Lane vehicle and a passenger in one of the two other vehicles filed bodily injury claims against the two at-fault drivers. The value of Kelliher’s damages exceeded the available bodily injury limits, and, with Hanover’s permission given under a reservation of rights, Kelliher settled with the two at-fault drivers. Kelliher then filed a claim for UIM benefits against Hanover, as insurer for Thomas and Andrea Lane.

DISCUSSION

Summaryjudgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and where the moving party is entitled to judgment as matter of law. Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991). The *748 burden may be met by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Id. at 809, citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The issues before the Court are whether Kelliher is required to make an UIM claim through the Kelliher insurance policy and whether she may make such a claim through the Lane policy. UIM coverage is prescribed by G.L.c. 175, §113L, which provides, in relevant part,
An insured who is not a named insured on any policy providing uninsured motorist coverage may recover only from the policy of a resident relative .. . whether or not such vehicle was involved in the accident. . .
G.L.c. 175, §113L(5).
This statute is dispositive to the dispute between the parties and to the summary judgment motion. Kelliher and her mother were residents in her mother’s household at the time of the accident. The Kelliher policy provided uninsured motorist coverage. Kelliher was not named on the Kelliher policy, but was named as an operator. Therefore, Kelliher was “an insured who is not a named insured on [a] policy providing uninsured motorist coverage” and, as such, “may recover only from the policy of a resident relative,” i.e., the Kelliher policy. As she may recover “only from the policy of a resident relative,” Kelliher may not recover from the Lane policy. See G.L.c. 175, §113L, Note 9 (“An injured occupant’s first recourse for underinsured motorist (UIM) benefits is to her own insurance policy or that of a resident relative; only when no UIM coverage is available under either of these will an injured occupant be able to recover benefits from the policy covering the vehicle in which the injury occurred”), citing Mercadante v. Worcester Ins. Co., 62 Mass.App.Ct. 293 (2004).
Kelliher argues in her opposition memorandum that because her mother paid no premium for UIM coverage that “no such coverage was afforded,” pursuant to the plain language of the policy[1] and due to lack of consideration. The Massachusetts Division of Insurance concurs with Kelliher’s analysis. Kelliher also argues that any UIM coverage provided under the Kelliher policy is illusory.
This Court finds that as a matter of law the notation, “INCL,” printed in the space reserved for the annual premium of UIM coverage has a clear purpose and meaning, i.e., that Hanover included UIM coverage with the Kelliher policy at no additional cost. See J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 795 (1986) (contract should be construed to give reasonable effect to each provision). The Court further finds that its interpretation does not render useless or inexplicable the policy provision, “If no premium charge is shown, you do not have that coverage,” because the utility and meaning of that provision is evident on Kelliher’s coverage selection page where the space reserved for the premium for optional Substitute Transportation coverage is left blank. There, it is plain that the policy has no substitute transportation coverage, whereas the insertion of “INCL” makes it equally plain that Hanover included UIM coverage. See New York Central R.R. Co. v. New England Merchants Nat'l Bank, 344 Mass. 709, 714 (1962) (contract “should be construed so as to give it effect as a rational business instrument and in a manner which will effectuate the intent of the parties”).[2] Because the UIM coverage included with the Kelliher policy would afford benefits when an insured was involved in an accident with a driver from one of ten states or the District of Columbia, the UIM coverage was not illusory.
The Court finds it a fact that Hanover’s acts and practices related to Kelliher’s insurance policy and claim were free from fraud, deceit, or bad faith. Because Kelliher cannot establish that Hanover failed to perform in accordance with the terms of the policy, she cannot prove the essential element of breach, and her contract claim fails. See Flesner, 410 Mass. at 809 (moving parly’s burden is met with proof that an essential element of claim is unlikely to be forthcoming at trial). Kelliher’s G.L.c. 93A and c. 176D claims fail, because the lack of fraud, deceit, or bad faith remove her basis for a claim that she suffered a loss caused by an unfair or deceptive act or practice by Hanover. See G.L.C. 93A, §2(a); G.L.c. 176D, §3; Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 125 (1994) (absence of proof of causation is fatal to G.L.c. 93A and c. 176D claims), citing Massachusetts Farm Bureau Fed’n, Inc. v. Blue Cross of Mass., Inc., 403 Mass. 722, 730 (1989). Finally, Kelliher’s arbitration claim is nullified by the findings.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Hanover Insurance Company’s Motion for Summary Judgment is ALLOWED. It is DECLARED that plaintiff, Carly Kelliher, is a member of the household of her mother, Nancy Kelliher, and is required to make an underinsured motorist claim for the accident and damages that occurred on October 12, 2002, to the insurance policy issued to Nancy Kelliher and not to the policy issued to Thomas Lane.

The Kelliher policy stated, "The exact protection is determined by the coverages you purchased. .. Each coverage you purchased will show a premium charge next to it. If no premium charge is shown, you do not have that coverage. . . The amount of insurance and cost of any of these parts you have purchased is shown on the coverage selections page.”

While Kelliher does not allege that her mother elected to receive no UIM coverage when selecting optional coverages, she states that summary judgment should be denied because the contents of the insurance application are unknown. Kelliher has not alleged specific facts which would establish the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989) (citation omitted). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Id.